United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 05-20401

———————————

In The Matter Of: CHARLES BENTON MUSSLEWHITE; CAROLYN
DIAZ MUSSLEWHITE

Debtors

------------------------------------------------------

CHARLES BENTON MUSSLEWHITE

Appellant

v.

JOHN M. O'QUINN; JOHN M. O'QUINN & ASSOCIATES LLP,
formerly known as JOHN M. O'QUINN PC

Appellees

———————————————————————————

Appeal from the United States District Court for
the Southern District of Texas, Houston
(USDC No.4:04-CV-4186)

———————————————————————————

1

Before REAVLEY, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Robin Ziek, an appointed state court receiver, appeals the district court's judgment denying her motion to clarify prior orders and, in the alternative, for leave to file an action for declaratory judgment. We dismiss this appeal for inadequate briefing.

The district court issued two alternative outcome determinative holdings in this case. First, the district court held that the bankruptcy court order was final and the doctrines of collateral estoppel and res judicata bar relitigation of Charles Benton Musslewhite's rights under the Option Upside Agreement. Second, separate and apart from the claim or issue preclusive effect of any particular order, after withdrawing the reference in Musslewhite's bankruptcy case, the district court held on the merits that the "undisputed record establishes conclusively that Musslewhite has absolutely no right to payment from Option Cases through the Option Upside Agreement."

Ziek addresses the district court's first holding—the collateral estoppel and res judicata issues, but fails to address the district court's second holding—that the

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"undisputed record establishes conclusively that Musslewhite has absolutely no right to payment from Option Cases through the Option Upside Agreement." Because the district court's second holding was outcome determinative, and Ziek failed to brief it, we dismiss this appeal for inadequate briefing.

APPEAL DISMISSED.